# CIRCUIT COURT OF FAIRFAX COUNTY

Jacqueline Ann Lesesne

v.

Thaddeus John Zablocki

April 22, 2008

Case No. (Chancery) 2007-7225

BY JUDGE RANDY I. BELLOWS

The matter is before the Court on Plaintiff's Motion for an Award of Attorney's Fees.

The plaintiff's position can be summarized as follows. At the last trial date, proceedings were continued by the Court due to the asserted necessity for Mr. Zablocki to be with his mother, who it is alleged required emergency medical treatment due to an early morning fall. That same evening, the plaintiff observed Mr. Zablocki and his mother at a school concert, leading the plaintiff to believe that the necessity for the continuance was either fabricated or, at least, exaggerated. Thus, asserts the plaintiff, the continuance could "possibly [have] been avoided," and the defendant should be awarded attorney's fees in the amount of $7,491.

The defendant's position, in contrast, is that the presence of Mrs. Zablocki at the evening concert was not inconsistent with the assertion that she had fallen that morning, that she did require emergency medical care, and that Mr. Zablocki's presence was necessary during the day of the hearing to attend to her needs.

At the outset, the Court will advise the parties as to the standard it will use to resolve the plaintiff's motion. In the Court's view, the fact that a hearing in this (or any other litigation) has to be continued due to significant, extenuating, and unanticipated circumstances which confront counsel, or a party, or a party's most critical witnesses, would not, by itself, warrant

imposition of attorney's fees. Litigation, at its most elemental level, is a human endeavor; and, from that unremarkable observation, it naturally flows that continuances will occasionally be required by the exigencies of life. Examples of this would include illness or injury of counsel, or the parties, or the immediate members of their families requiring the presence of counsel or a party. If, however, the claim of illness or injury is a fabrication or an exaggeration, such that no continuance is actually necessary or warranted, attorney's fees and possibly other sanctions should be imposed. The plaintiff's motion suggests this latter possibility.

What that means in the instant case is this, if the Court finds that Mrs. Zablocki did in fact suffer a fall on the morning in question, that Mr. Zablocki had a genuine and legitimate concern about her welfare that day that led him to request an adjournment to be with his mother, and that medical care was sought and obtained to address the fall, the imposition of attorney's fees is not warranted and will not be imposed. If, on the other hand, the evidence as a whole establishes that Mrs. Zablocki's purported injuries and required medical care was a contrivance designed or orchestrated by the defendant to procure a continuance, attorney's fees ought to and will be imposed.

On this record, however, the Court cannot at this time make *either* finding. As the plaintiff persuasively argues, all of the defendant's exhibits are hearsay. The defense exhibits consist of (1) a typed note from a neighbor with regard to his observation of Mrs. Zablocki on the morning in question, (2) medical records of Mrs. Zablocki, and (3) the billing record for the medical treatment rendered to Mrs. Zablocki. While the testimony of a neighbor who observed Mrs. Zablocki immediately after her fall may well be relevant and admissible evidence, the typed note is inadmissible as affirmative evidence of the facts contained therein. The medical records may present a different matter and they may or may not be admissible depending on the foundation laid for their admissibility and other evidentiary considerations. In addition, the parties' pleadings contain factual representations about the events occurring during the day in question and at the school concert. These representations are not in evidence, although the plaintiff has provided an affidavit in support of her position in this matter. Therefore, the only way to resolve the plaintiff's motion for attorney's fees is through an evidentiary hearing. The Court recognizes that this will require the parties to incur additional attorney's fees, with no certainty as to the ultimate result, and will further require the taking of testimony and the formal admission of exhibits at an evidentiary hearing. Nevertheless, there is no alternative. The Court can no more accept the defendant's representations as established fact than it can accept the plaintiff's representations, even if contained in a sworn affidavit, as established fact.

166 

In light of this letter, counsel for plaintiff should advise the Court and opposing counsel within one week as to whether she wishes to proceed to an evidentiary hearing. If not, and given that the plaintiff has the burden of proof on this issue, the request for attorney's fees will be denied. If an evidentiary hearing is requested, there is the question of when to set it. The Court's calendar reflects that the case is now set for May 19-21, 2008. The Court has no objection to extending the case to a fourth day, May 22, to insure that this matter can be resolved along with everything else set for May 19-21. If that is not agreeable to the parties, they should contact my law clerk and set another date for resolution of this matter.